# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| AIMEE MARIE BENTSON, | § | |
| | § | |
| | § | CASE NO. 4:15-CV-523 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| DAVID E. CHYMA, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 25, 2015, the report of the Magistrate Judge (Dkt. #13) was entered containing proposed findings of fact and recommendations that Defendant David Chyma's Motion to Dismiss (Dkt. #6) be denied. Having received the report of the Magistrate Judge (Dkt. # 13), having considered Defendant's timely filed objection (Dkt. #19), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. # 13) as the findings and conclusions of the Court.

## BACKGROUND

Plaintiff alleges that on or about March 13, 2015, she began receiving attempts by Defendants (via mail and/or other methods) to collect a debt allegedly incurred by Plaintiff as a result of a divorce proceeding (Dkt. #1 at 4). Plaintiff asserts that such "debt" allegedly consisted of attorneys' fees in the approximate amount of $10,940.58 and/or $15,050.05 from said divorce. *Id*. On July 31, 2015, Plaintiff filed her Complaint asserting that, in an attempt to collect the alleged original debt from Plaintiff, Defendant Chyma violated the Fair Debt

Collection Practices Act ("FDCPA") and that all Defendants violated the Texas Finance Code. *Id*. On August 31, 2015, Defendant David E. Chyma ("Defendant"), proceeding pro se, filed a Motion to Dismiss (Dkt. #6). The Magistrate Judge entered a report and recommendation on November 25, 2015, recommending Defendant's Motion to Dismiss be denied because Plaintiff had stated plausible claims for purposes of defeating a Rule 12(b)(6) motion (Dkt. #13 at 3-4). On December 23, 2015, Defendant acknowledged receipt of the Magistrate Judge's report and recommendation (Dkt. #17). On January 7, 2016, Defendant filed a Notice with the Court; therein Defendant states that he received the Magistrate Judge's report and recommendation denying his request for dismissal, but that "[n]o reason was stated" for such denial, which the Court construes as an objection the Magistrate Judge's report and recommendation and now addresses herein (Dkt. #19 at 1).

## DEFENDANT'S OBJECTION

Defendant's assertion that the Magistrate Judge stated "no reason" for denial of the Motion to Dismiss is the sole objection to the Magistrate Judge's report and recommendation. *Id*. Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2)-(3). However, "[p]arties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012).

Defendant's objection fails to identify any specific issue of law or fact among those set forth in the Magistrate Judge's report and recommendation with which he disagrees, nor does he address the findings and recommendations of the Magistrate Judge (*see* Dkt. #19). Defendant does nothing more than blankly allege that, "[n]o reason was stated" in the Magistrate Judge's report and recommendation for denying his dismissal request. *Id*. Defendant's objection fails to invoke his right to a de novo review of the report and recommendation.

Nonetheless, the Court has undertaken a de novo review of the report and recommendation and the Court concludes that the Magistrate Judge's findings and conclusions are correct. *See Douglass,* 79 F.3d at 1429 (noting that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation). The Magistrate Judge clearly stated the pleading requirements under the Federal Rules of Civil Procedure, and applied such standards correctly according to binding United States Supreme Court precedent (*see* Dkt. #13). The Magistrate Judge specifically found that Plaintiff's Complaint stated a plausible claim for violation of the FDCPA and/or the Texas Finance Code. *Id*. The Court agrees.

In ruling on a Rule 12(b)(6) Motion, the Court must accept as true all well-pleaded facts contained in Plaintiff's Complaint and view them in the light most favorable to Plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The Court has conducted a de novo review and agrees that under the Rule 12(b)(6) standard, Plaintiff has sufficiently stated a plausible claim for relief against Defendant under the FDCPA and/or the Texas Finance Code. Plaintiff's Complaint provides detailed factual allegations with specific

dates, amounts, letters, comments, and emails, all of which is factual content that substantiates her claims against Defendant and defeats a Rule 12(b)(6) motion (*see* Dkt. #1 at 3-10). Accordingly, the Court finds Defendant's objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered Defendant's timely filed objection (Dkt. #19), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #13) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss (Dkt. #6) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 24th day of March, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE