# United States District Court

## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| AIMEE MARIE BENTSON | § | |
| | § | Civil Action No. 4:15-CV-523 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| DAVID E. CHYMA | § | |
| | § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 24, 2017, the amended report of the Magistrate Judge (Dkt. #33) was entered containing proposed findings of fact and recommendations that Plaintiff Aimee Marie Bentson's ("Plaintiff") Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) ("Motion for Judgment on the Pleadings") (Dkt. #20), Plaintiff's First Amended Motion to Strike Dkt. No. 26 ("Motion to Strike") (Dkt. #28), and Plaintiff's Amended Motion for Summary Judgment ("Motion for Summary Judgment") (Dkt. #32) each be denied. Having received the amended report and recommendation of the Magistrate Judge (Dkt. #33), having considered Plaintiff's timely filed objections (Dkt. #36), and having conducted a de novo review, the Court is of the opinion that the conclusions of the Magistrate Judge are correct.

## RELEVANT BACKGROUND

On July 31, 2015, Plaintiff filed the present suit, alleging Defendant David E. Chyma and others[1] violated the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection

---

[1] Plaintiff filed a voluntary dismissal of Aitken Law Firm, P.C. and Aitken, Aitken & Sharpe, P.C. on October 14, 2015 (Dkt. #8). The Court accordingly dismissed those defendants on October 20, 2015 (Dkt. #11). As such, Defendant David E. Chyma is the sole defendant in this case.

Practices Act ("TDCA") in attempting to collect a debt incurred as a result of a divorce proceeding (Dkt. #1).  Plaintiff asserts Defendant sent her confusing letters in violation of the FDCPA and TDCA and that Defendant consistently contacted her in a harassing, threatening, and demeaning manner (Dkt. #1).  The specific facts relevant to Plaintiff's objection to the Magistrate Judge's report and recommendation are set forth below.

On August 31, 2015, Defendant filed a Motion to Dismiss asserting in whole that "Defendant finds [Plaintiff's] Complaint . . . essentially inaccurate, over-reaching and frivolous. As such, Defendant hereby requests this case be dismissed" (Dkt. #6).  Defendant failed to appear at the management conference or to make his initial disclosures, and again failed to do so after the Magistrate Judge ordered as much by way of Show Cause Order, despite acknowledging receipt of the order (Dkts. #16-17).  The Court subsequently denied Defendant's Motion to Dismiss (Dkt. #21).  Defendant did, however, file his Notice of Pleading and Statement on January 7, 2016; Defendant alleges this Notice of Pleading and Statement documents the entirety of his interactions with Plaintiff (*see* Dkt. #19).  The Notice of Pleading and Statement includes a letter dated January 29, 2015, which has enclosed the Attorney-Client Fee Agreement (between Plaintiff and Aitken Law Firm, P.C.), an invoice numbered 3144 with a $10,940.58 "balance due" tabulating various charges against Plaintiff by Aitken, Aitken & Sharpe, P.C., and a "Statement" dated November 1, 2014, indicating a $15,050.05 "amount due[,]" which encompasses or includes the balance on the invoice numbered 3144 (Dkt. #19, Exhibit A).

Plaintiff filed her Motion for Judgment on the Pleadings on March 21, 2016, seeking judgment as a matter of law against Defendant on each of her claims, as well as damages (Dkt. #20).  Defendant filed no response, and on August 18, 2016, the Magistrate Judge entered a recommendation that Plaintiff's Motion for Judgment on the Pleadings be granted (Dkt. #24).  On

September 7, 2016, Defendant timely filed objections to the Magistrate Judge's report and recommendation (Dkt. #26). Plaintiff filed a Motion to Strike on September 23, 2016 (Dkt. #28). Subsequently, the Magistrate Judge converted Plaintiff's Motion for Judgment on the Pleadings into a motion for summary judgment and provided additional time for the Parties to supplement their briefing and evidence (Dkt. #29). Plaintiff then filed her Motion for Summary Judgment on November 28, 2016 (Dkt. #32). Defendant failed to respond and has filed no additional evidence. The Magistrate Judge entered an amended report and recommendation on February 24, 2017, recommending that Plaintiff's Motion for Judgment on the Pleadings (Dkt. #20) and Plaintiff's Motion for Summary Judgment (Dkt. #32) each be denied. The Magistrate Judge also recommended Plaintiff's Motion to Strike (Dkt. #28) be denied as moot. Plaintiff timely filed her objections on March 13, 2017 (Dkt. #36).

## PLAINTIFF'S OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). At the outset, the Court notes neither party objects to the Magistrate Judge's findings regarding Plaintiff's claims under FDCPA sections 1692d, 1692e, or 1692f, any of TDCA sections 392.101, 392.301, 392.303, or 392.304, or Texas Business and Commerce Code section 17.62. Neither do the Parties object to the Magistrate Judge's conclusions regarding what materials in the record constitute summary judgment evidence in this case. As such, and after de novo review of the record, the Court holds these findings are correct. The Court now turns to Plaintiff's objections, which center solely on Plaintiff's claim under FDCPA Section 1692g.

Plaintiff objects to the Magistrate Judge's finding that the "the Court cannot find Defendant violated Section 1692g, as it is unclear when and whether Plaintiff received the January 29, 2015

letter and, as a result, whether Plaintiff timely disputed the debt as alleged" and the resultant recommendation that Plaintiff's Motion for Summary Judgment be denied as to such claim (Dkt. #36). Plaintiff asserts as the basis of this objection that the January 29, 2015 letter is, by Defendant's own admission, Defendant's "initial communication" with Plaintiff, and that such communication on its face fails to meet the requirements of 15 U.S.C. § 1692g(a) (Dkt. #36). Plaintiff specifically argues Defendant's January 29, 2015 letter does not comply with the specified subsections of Section 1692g for the following reasons: (a)(1) because "Defendant's inclusion of two different amounts bears that [violation] out without further evidence or argument"; (a)(2) because "the name of the creditor to whom the debt is owed is not provided" and "[s]imply stating who make [sic] the check payable to . . . is not providing the name of the creditor"; (a)(3) because the required statement either is "completely missing" or included but with an improperly added "subjective validity test"; and (a)(5) because the required statement is "completely absent from the letter" (Dkt. #36 at 3).[2] Plaintiff also contends Defendant's inclusion of the phrase "valid reason" within the statement informing Plaintiff of her right to dispute the debt's validity constitutes impermissible "overshadowing" of Plaintiff's validation right as expressed in the letter (Dkt. #36 at 3). Plaintiff cites no legal authority other than Section 1692g(a), itself, in support of her objections.

Having reviewed the Magistrate Judge's amended report and recommendation (Dkt. #33), Plaintiff's Motion for Judgment on the Pleadings (Dkt. #20), Plaintiff's Motion for Summary Judgment (Dkt. #32), and all other relevant filings, and having conducted a de novo review, the Court agrees with the Magistrate Judge that summary judgment should be denied as to Plaintiff's section 1692g claim, but not necessarily for the reasons given by the Magistrate Judge.

---

[2] Although Plaintiff argues Defendant's initial communication complies with none of subsections (a)(1)-(5), Plaintiff does not address the communication's compliance with subsection (a)(4) specifically.

**CONCLUSION**

Accordingly, it is **ORDERED** that Plaintiff's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (Dkt. #20) and Plaintiff's Amended Motion for Summary Judgment (Dkt. #32) each are **DENIED**.

It is further **ORDERED** that Plaintiff's First Amended Motion to Strike Dkt. No. 26 (Dkt. #28) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

 **SIGNED this 29th day of March, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE