# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| AIMEE MARIE BENTSON | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-523 |
| | § | (Judge Mazzant/Judge Nowak) |
| DAVID E. CHYMA | § | |
| | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 7, 2017, the report of the Magistrate Judge (Dkt. #45) was entered containing proposed findings of fact and recommendations that Plaintiff Aimee Marie Bentson's Motion for Summary Judgment ("Motion for Summary Judgment") (Dkt. #40) be granted in part and denied in part. Having received the report and recommendation of the Magistrate Judge (Dkt. #45), having considered Defendant's objections (Dkt. #48) as well as Plaintiff's objection to Defendant's "Appeal" [Dkt. 48] (Dkt. #49), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #45) as the findings and conclusions of the Court.

## RELEVANT BACKGROUND

On July 31, 2015, Plaintiff filed the present suit, alleging Defendant David E. Chyma violated the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Practices Act ("TDCA") in attempting to collect a debt incurred as a result of a divorce proceeding (Dkt. #1). Plaintiff asserts Defendant sent her confusing letters in violation of the FDCPA and TDCA and that Defendant consistently contacted her in a harassing, threatening, and demeaning manner (Dkt. #1).

Plaintiff filed an initial Motion for Summary Judgment on November 28, 2016 (Dkt. #32), to which Defendant failed to respond. The Magistrate Judge entered an amended report and recommendation on February 24, 2017, recommending that Plaintiff's Motion for Summary Judgment (Dkt. #32) be denied, due mainly to lack of competent summary judgment evidence (Dkt. #33). *See, e.g.*, *Vinings Ins. Co. v. Byrdson Servs., LLC*, No. 1:14-cv-525, 2016 WL 3584715, at *3 (E.D. Tex. June 17, 2016) (noting "[i]t is well-established in the Fifth Circuit" that courts may not grant summary judgment on the basis of a party's failure to respond, alone). The Court adopted the Magistrate Judge's ultimate recommendation (Dkt. #37).

The Magistrate Judge thereafter entered an Amended Scheduling Order, setting a deadline of May 5, 2017 to file dispositive motions pursuant to which Plaintiff filed a further Motion for Summary Judgment, seeking judgment as a matter of law on her claims under the FDCPA (Sections 1692d, 1692e, 1692f, and 1692g) and the TDCA (Sections 392.101, 392.301, 392.303, 392.304(a)(1)(A), (a)(4), (6), (8), (13)-(14), (17), and (19)), as well as attorneys fees, damages, and injunctive relief (Dkt. #40). *See Petroleum Helicopters, Inc. v. Avco Corp.*, 930 F.2d 389 (5th Cir. 1991) (affirming district court's consideration of a party's second request for summary judgment where district court previously denied summary judgment on the same claims but party renewed request for summary judgment following introduction of evidence not previously before the court). Here, Plaintiff has provided additional, new evidence in support of the motion for summary judgment: (1) the affidavit of Plaintiff Aimee Marie Bentson (Dkt. #40, Exhibit B) ("Bentson Affidavit") and (2) the affidavit of Plaintiff's counsel, Steven M. Strong (Dkt. #40, Exhibit C) ("Strong Affidavit"). Defendant filed a Response on May 22, 2017 (Dkt. #44), proffering no evidence and pointing to no evidence in the record in support of his opposition to Plaintiff's Motion for Summary Judgment.

On July 7, 2017, the Magistrate Judge entered a report and recommendation (Dkt. #45) recommending that (A) Plaintiff be granted judgment as a matter of law on her claims under FDCPA Sections 1692e and 1692g(a) and under TDCA Sections 392.101 and 392.304(a)(8), (19), and (B) Plaintiff be denied judgment as a matter of law on her claims under FDCPA Sections 1692d, 1692f, and 1692(g)(b) and under TDCA Sections 392.301, 392.303, and 392.304(a)(1)(A), (a)(4), (a)(6), (a)(12), (a)(13), (a)(14), and (a)(17). The Magistrate Judge also recommended finding Plaintiff's claims for attorneys fees and damages premature. Defendant filed his (construed) objections (Dkt. #48) on August 2, 2017. Plaintiff filed a response (Dkt. #49) to Defendant's objections on August 3, 2017.

## DEFENDANT'S OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). At the outset, the Court notes the Parties do not object to the Magistrate Judge's findings regarding Plaintiff's FDCPA claims, the Magistrate Judge's conclusions regarding what materials in the record constitute summary judgment evidence in this case, or the Magistrate Judge's decision that attorneys fees, damages, and costs determinations are premature. As such, and after review of the record, the Court adopts these findings. The Court therefore turns to Defendant's objections, which center solely on Plaintiff's claims under the TDCA.

Defendant generally objects to the Magistrate Judge's finding that the TDCA applies to Defendant, a debt collector located in Iowa, for sending letters seeking to collect a debt to Plaintiff, who is located in Texas. Defendant further specifically objects to the Magistrate Judge's finding that Defendant violated TDCA Section 392.101 by engaging in debt collection activities without a bond (Dkt. #48). Plaintiff argues in response only that Defendant's objections are untimely filed

and that they do not sufficiently specify the findings to which Defendant objects, and as such that they should be stricken (Dkt. #49).

The record does not clearly demonstrate *pro se* Defendant filed his objections in an untimely manner. Defendant acknowledged he received the Magistrate Judge's report and recommendation at the earliest on either July 12, 2017, or July 17, 2017 (*see* Dkt. #46 (date illegible)) or, at the latest, on July 19, 2017 (Dkt. #47). Given that the Court cannot ascertain with certainty from the record when Defendant received the report (and given that Defendant filed the objections in close proximity to the deadline in any event), the Court finds Defendant filed timely objections to the Magistrate Judge report. Moreover, Plaintiff's argument that Defendant's objections lack specificity cannot prevail. Defendant objects to the Magistrate Judge's finding the TDCA applies to him and also clearly argues the TDCA bond requirement violates the federal constitution. As such, the Court denies Plaintiff's request to strike Defendant's objections. The Court does note, however, that Defendant did not raise either of these arguments before the Magistrate Judge or, in fact, at any point previously in this matter. Accordingly, The Court has no obligation to consider such arguments now. *See, e.g.*, *Imperium (IP) Holdings v. Apple, Inc.*, 920 F. Supp. 2d 747, 752 (E.D. Tex. 2013) (finding plaintiff's "evidence and arguments presented for the first time upon objection to a report and recommendation need not be considered"). Notwithstanding such fact, and in light of Defendant's *pro se* status, the Court herein considers Defendant's limited objections to the Magistrate Judge's report.

Turning to Defendant's assertion that the TDCA does not apply to him, the Court finds Defendant's argument must fail. The TDCA applies whenever a "debt collector"—"a person who directly or indirectly engages in debt collection"—attempts to collect debt—"an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to

be due to a creditor"—from a consumer—an individual with "an obligation or alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction"—located in Texas. Tex. Fin. Code § 392.001. The Magistrate Judge found, "neither Party disputes Defendant's status as a debt collector and/or third-pay debt collector, Plaintiff's status as a 'consumer,' or the status of the debt as debt the collection of which is subject to the TDCA" (Dkt. #45 at 19). Defendant proffers no evidence to rebut this finding or the evidence on which it is based (*see, e.g.*, Dkt. #40, Exhibit B at 3-6 (showing the debt at issue here related to allegedly delinquent payments due a law firm located in Iowa for divorce services performed there), Exhibit A (showing Defendant, located in Iowa, sent letters to Plaintiff, located in Texas, seeking to collect on this alleged debt)). In examining the evidence of record, the Court reaches the same conclusion—the TDCA applies here; the Court overrules Defendant's objection to the contrary.

More fundamentally, Defendant also seemingly challenges the constitutionality of the TDCA itself, and the bonding provision, arguing as follows:

> No State in this Republic (even Texas) can deny a[n] out of state entity the right to correspond by letter with that States' [sic] residents concerning legitimate business without first being "bonded" to do so. This is targeting a specific legal industry and is so clearly in violation of the United States Constitution. I have no presence in Texas nor does my Practice.
>
> The allegations concerning the TDCA is why, in August, 2016 I requested this case be transferred to a "neutral" State. There are many Texans (including legislators, and likely, jurists) who are advocates of Texas as a "Nation- State." Ruling in this case is no place for such ideology. I want to be certain such does not exist.

(Dkt. #48). The Court notes initially Defendant has had numerous opportunities to help ensure the Court correctly analyzes and applies the law. The Court has accorded Defendant significant leeway for the two years this case has been pending before the Court notwithstanding Defendant's repeated failure to participate or respond to court orders and adversarial motions (*see generally*

Docket in Eastern District of Texas Case No. 4:15-cv-523). Specifically, Defendant has not, until filing these objections, responded substantively to Plaintiff's allegations, except to say he wholly denies them (Dkt. #6). Indeed, Defendant failed to attend the Rule 16 Management conference or the subsequent show cause hearing (*e.g.*, Dkt. #16; Dkt. #18). Even with respect to the instant Summary Judgment Motion, Defendant failed to respond substantively and neither cited to nor provided the Court with evidence in support of his opposition to Plaintiff's requested relief (*see* Dkt. #44). Moreover, Defendant's implication that the Court (or any person or entity involved in this matter) is an "advocate[] of Texas as a 'Nation- State'" is belied by the record. To the extent Defendant argues the Court harbors bias in favor of applying Texas law, the Court finds the argument without merit.

In addition, Defendant's assertion the TDCA bond requirement violates the federal Constitution (because he is located in Iowa and carries on business there) takes no account of the undisputed and evidenced facts of this case, which show Defendant's debt collection activities targeted a Texas consumer. A state's attempt at extraterritorial regulation of another state's commercial entities may violate the federal Constitution's dormant Commerce Clause in certain circumstances. *See, e.g.*, *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 572-74 (1996). A state's regulation of the entities conducting commerce within its borders, even where those entities are located out-of-state, however, generally complies with the federal Constitution's limitations. Indeed, courts have permissibly applied state debt collection statutes to entities operating outside of a target state where the debt collector attempted to collect a debt within the target state. *See, e.g.*, *Collins v. Erin Capital Mgmt., LLC*, 991 F. Supp. 2d 1195, 1207-09 (S.D. Fla. 2013) (finding Florida analogue to TDCA requiring registration in Florida for conducting certain business in Florida by out-of-state entities was not unconstitutional where statute applied broadly and did not

result in excess benefits for Florida); *Grant-Hall v. Cavalry Portfolio Servs., LLC*, 856 F. Supp. 2d 929, 938-40 (N.D. Ill. 2012) (finding Illinois statute regulating debt collection activities within the state did not violation the dormant Commerce Clause where "[a]t most, [the statute] has the indirect extraterritorial effect of requiring debt collection agencies to have certain documentation if they wish to file suit in Illinois").

In the instant case, Defendant sent letters to Texas. Defendant sent these letters in order to collect an alleged debt from Plaintiff. The alleged debt constitutes a "consumer debt" under Texas law, and Plaintiff meets the definition of "consumer." Defendant accordingly meets the definition of "debt collector" under Texas law and, while engaging in "debt collection" within the state, is subject to the TDCA and other Texas statutes governing such practices. The TDCA requires that third-party debt collectors obtain "a surety bond issued by a surety company authorized to do business in this state as prescribed by [statute,]" and that "[a] copy of the bond . . . be filed with the [Texas] secretary of state." Tex. Fin. Code § 392.101(a). A failure to comply with these requirements constitutes a violation of the TDCA. *See CA Partners v. Spears*, 274 S.W.3d 51, 79 (Tex. App.—Houston [14th Dist.] 2008, no pet.). As the Magistrate Judge found, Plaintiff has shown Defendant failed to comply with the Section 392.101 bond requirement (*see* Dkt. #40, Exhibit C at 7). The Court overrules Defendant's objections.

## CONCLUSION

Having considered each of Defendant's objections (Dkt. #48), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #45) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Summary Judgment [Dkt. 40] be **GRANTED IN PART AND DENIED IN PART**. Plaintiff is hereby **GRANTED** judgment as a matter of law on her claims under FDCPA Sections 1962e and 1692g(a) and under TDCA Sections 392.101 and 392.304(a)(8), (19). The Court **DENIES** judgment as a matter of law as to Plaintiff's claims under FDCPA Sections 1692d, 1692f, and 1692(g)(b), as well as to Plaintiff's claims under TDCA Sections 392.301, 392.303, and 392.304(a)(1)(A), (a)(4), (a)(6), (a)(12), (a)(13), (a)(14), and (a)(17).

**IT IS SO ORDERED**.
 **SIGNED this 10th day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE